BEFORE THE UNITED STATES JUDICAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS (AFFF) PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2873 |

RESPONSE TO MOTION TO TRANSFER

In accordance with Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, defendant Fire Service Plus, Inc. submits this response to the motion for transfer of actions filed in the above-captioned proceeding. In particular, Fire Service Plus, Inc. requests simultaneous separation and remand of the claims alleged against Fire Service Plus, Inc. in the following case: *City of Newburgh v. United States of America., et al.*, S.D.N.Y., 7:18-cv-07057, to the extent that the Panel orders transfer of this case. Enclosed please find a memorandum of law in support of this response, and a proof of service.

                                          Respectfully submitted,

                                          **Fire Service Plus, Inc.**

DATED: October 18, 2018                /s/ Colin K. Kelly
                                          Colin K. Kelly, admitted *pro hac vice*
                                          Caroline Gieser, *pro hac vice* application pending
                                          ALSTON & BIRD LLP
                                          1201 West Peachtree Street, Suite 4900
                                          Atlanta, GA  30309-3424
                                          Tel: (404) 881-7000
                                          Colin.Kelly@alston.com
                                          Caroline.Gieser@alston.com

        Jeffrey D. Dintzer, admitted *pro hac vice*
        Matthew C. Wickersham, admitted *pro hac vice*
        ALSTON & BIRD LLP
        333 South Hope Street, 16th Floor
        Los Angeles, CA  90071-3004
        Tel: (213) 576-1000
        Jeffrey.Dintzer@alston.com
        Matt.Wickersham@alston.com

        *Attorneys for Defendant Fire Service Plus, Inc.*

**BEFORE THE UNITED STATES JUDICAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS (AFFF) PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2873 |

**MEMORANDUM IN SUPPORT OF RESPONSE TO MOTION TO TRANSFER ACTIONS**

On September 28, 2018, Defendants Tyco Fire Products LP and Chemguard, Inc. (collectively, the "Tyco Defendants") filed a motion to transfer, pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation ("JPML") Rule 6.2, seeking transfer of 75 currently-filed cases (the "AFFF Cases"), which specifically included the case of *City of Newburgh v. United States of America., et al.*, S.D.N.Y., 7:18-cv-07057 ("*Newburgh* Action"). The 3M Company subsequently filed a second motion to transfer, seeking the transfer of an additional nine currently-filed cases. Fire Service Plus, Inc. ("FSP") has been named as a defendant in the *Newburgh* Action only—FSP has not been named in any of the other 74 actions identified by the Tyco Defendants or the 9 actions identified by the 3M Company.

While FSP does not object to the transfer of these actions, it requests that the Panel couple its order of transfer with a simultaneous separation and remand of the claims against FSP in the *Newburgh* action. The Panel is empowered to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a). Such power may be exercised where "the claims to be returned to the transferor court involve little or no factual overlap with the claims to be transferred." *In re Midwest Milk Monopolization Litig.*, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975. See also *In re Penn Cent. Securities Litigation*, 325 F. Supp. 309 (J.P.M.L. 1971) (third-party claims separated and transferred while the other claims remanded to the districts in which they were filed), and *In re Antibiotic Drugs*, 309 F. Supp. 155 (J.P.M.L. 1970) (panel transferred two counts of an action and

3

remanded a third count when single complaint contained three counts, each of which stated a separate cause of action, requested different relief, and involved different defendants).

The claims against FSP in the *Newburgh* Action have little factual overlap with the claims against the remaining defendants.  FSP is a small, privately owned company based in Fayetteville, Georgia and has sold no MIL-SPEC aqueous film-forming foams ("AFFF") to any of the entities in the *Newburgh* action within the State of New York, much less within the City of Newburgh.  FSP is a Georgia corporation without any significant connection to the State of New York.  Plaintiff City of Newburgh has no basis to connect any actions committed by FSP in the underlying forum.  FSP has filed a letter motion in the *Newburgh* Action for a pre-motion conference that would authorize it to file a motion to dismiss, setting forth how the claims alleged against it by the Plaintiff do not adequately allege that FSP has sold AFFF containing per- or polyfluoroalkyl substances for use in the operations in Orange County, New York that are the subject of the allegations contained in the Complaint.  (*City of Newburgh v. United States of America., et al.*, S.D.N.Y., 7:18-cv-07057, Dkt. No. 161.)  In fact, the Plaintiff makes no attempt to allege any such connection.  As Plaintiff will not be able to establish general or specific jurisdiction over FSP, the claims against FSP will be dismissed at an early stage.  Thus, the claims against FSP concern a unique issue that is not shared by the remaining claims against the remaining defendants, and transfer of the claims against FSP for centralized treatment is unnecessary and not justified.  FSP is a defendant in a single out-of-state action where it has a strong constitutional objection to personal jurisdiction.  To hold FSP hostage to the creation of a nation-wide MDL does not serve the interests of justice or fairness to this small, one-off defendant.

The panel has discretion to separate and remand claims where the specific claim differs in significant ways from the remaining actions. (*In re: Light Cigarettes Mktg. & Sales Practices Litig.*, 652 F. Supp. 2d 1379, 1380–81 (J.P.M.L. 2009) (separating certain actions that are "different in significant ways" from the transferred actions); *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1349–50 (J.P.M.L. 2006) (holding "that the single California state law claim brought against the telecommunication provider defendants in the

Central District of California action is unique and therefore should not be included in the MDL–1798 proceedings at the present time"). Here, FSP has not been named in any of the other AFFF Cases. The claims in the other AFFF Cases and the claims against the other defendants in the *Newburgh* Action have no relevance to the factual and jurisdictional issues concerning FSP's alleged involvement in the contamination at issue in the Newburgh Action. There are no allegations of conspiracy or concerted action among FSP and the other defendants, which could create common issues between the claims against FSP and the remaining claims and actions. The claims against FSP share no common features that would benefit from centralized treatment with the other actions.

Centralization of these claims would have no benefit to the just and efficient conduct of the litigation, and would not be convenient to the parties or their witnesses. The jurisdictional issues surrounding FSP's involvement in the underlying facts are unique to this case, and do not involve questions of law and fact that have any commonality with the other transferred claims. Allowing the transferee court to decide the issues unique to FSP would not promote judicial efficiency. *Johnson v. Micron Tech., Inc.*, 354 F. Supp. 2d 736, 740 (E.D. Mich. 2005).

For these reasons, FSP respectfully requests the simultaneous separation and remand of the claims against FSP in the *Newburgh* action, as part of any transfer order issued by the Panel.

                                            Respectfully submitted,

                                            **Fire Service Plus, Inc.**

DATED: October 18, 2018                /s/ Colin K. Kelly
                                            Colin K. Kelly, admitted *pro hac vice*
                                            Caroline Gieser, *pro hac vice* application pending
                                            ALSTON & BIRD LLP
                                            1201 West Peachtree Street, Suite 4900
                                            Atlanta, GA  30309-3424
                                            Tel: (404) 881-7000
                                            Colin.Kelly@alston.com
                                            Caroline.Gieser@alston.com

>Jeffrey D. Dintzer, admitted *pro hac vice*
>Matthew C. Wickersham, admitted *pro hac vice*
>ALSTON & BIRD LLP
>333 South Hope Street, 16th Floor
>Los Angeles, CA  90071-3004
>Tel: (213) 576-1000
>Jeffrey.Dintzer@alston.com
>Matt.Wickersham@alston.com
>
>*Attorneys for Defendant Fire Service Plus, Inc*

LEGAL02/38461091v1