UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2873

ORDER DENYING TRANSFER

**Before the Panel:** Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the action listed on Schedule A (*Middlesex*) to the District of South Carolina for inclusion in MDL No. 2873. Plaintiff Middlesex Water Company opposes the motion.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies. Before the Panel centralized this docket, *Middlesex* was noticed as a potentially related action. The initial complaint in *Middlesex* contained few mentions of AFFFs, but instead asserted claims against 3M for the alleged contamination of plaintiff's drinking water supplies with PFOS and/or PFOA. After the Panel centralized MDL No. 2873, the Panel Clerk determined that *Middlesex* was not appropriate for inclusion in the MDL. *See* Notice to Counsel, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Dec. 10, 2018), ECF No. 241. In the intervening months, plaintiff amended its complaint and removed all references to AFFFs.

In support of its motion to transfer, 3M argues that, regardless of how plaintiff's claims are constructed, *Middlesex* inevitably will present claims and defenses related to the alleged contamination of drinking supplies caused by use of AFFFs. Specifically, 3M provides an expert declaration by Samuel A. Flewelling, who identifies various sources of potential AFFF contamination that may have contributed to PFOS or PFOA contamination in plaintiff's public drinking water supply. 3M also points to an Annual Water Quality Report published by plaintiff in 2018 that identifies "firefighting foams" as one of the sources of PFOA and PFOS in drinking water. 3M argues that this evidence establishes the discovery concerning AFFF contamination sites and issues will be necessary in *Middlesex* and, therefore, that transfer to MDL No. 2873 is appropriate.

The Panel has transferred several actions in which plaintiffs allege multiple sources of PFOS and PFOA contamination, including from the use of AFFFs. We have not, though, transferred an action to the MDL that contains *no* allegations or claims relating to AFFF use. Plaintiffs' claims in *Middlesex* are directed at 3M and its manufacture, marketing, and sales of PFOS and PFOA, not its manufacture of AFFF products. It certainly is possible that, as pretrial proceedings progress in *Middlesex*, it becomes apparent that AFFF claims and discovery in this action will be significant. But at this stage—3M has not yet answered the complaint in *Middlesex* and discovery has only just

-2-

begun—any claims or defenses based on contamination of water supplies by AFFFs remain too speculative to warrant transfer.

In addition, transfer of *Middlesex* could broaden the scope of MDL No. 2873 significantly. If *potential* causation or contribution arguments are sufficient to bring an action within the ambit of MDL No. 2873, then a large number of cases that do not assert AFFF claims might be swept into this litigation. When we centralized this docket, we denied a motion by 3M to expand the MDL to encompass not just cases involving AFFFs, but all cases relating to 3M's manufacture, management, disposal, and sale of per- or polyfluoroalkyl substances (PFAS, an umbrella term that includes PFOS and PFOA). In doing so, we observed that:

> While a non-AFFF MDL would allow for common discovery and motion practice with respect to 3M—the main producer of PFOA and PFOS—it also would include far more site-specific issues, different modes of PFAS contamination, and different PFAS chemicals (whereas the AFFF actions are limited to PFOA and PFOS contamination). Such an MDL could quickly become unwieldy.

*In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1396 (J.P.M.L. 2018). This concern has not disappeared, and we have no desire to unnecessarily complicate the transferee judge's task in efficiently managing this litigation, which already involves a wide range of claims and parties. Given our continued concern about the manageability of this litigation, a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL. 3M has failed to do so here.

IT IS THEREFORE ORDERED that the motion to transfer the action listed on Schedule A to MDL No. 2873 is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                MDL No. 2873

## SCHEDULE A

<u>District of New Jersey</u>

MIDDLESEX WATER COMPANY v. 3M COMPANY, ET AL., C.A. No. 2:18−15366