# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

## ORDER DENYING TRANSFER

**Before the Panel:**  Several defendants[1] in the Southern District of Ohio *Hardwick* action listed on Schedule A move under 28 U.S.C. § 1407(c) to transfer *Hardwick* to the District of South Carolina for inclusion in MDL No. 2873.  Plaintiff opposes the motion.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies.  Before the Panel centralized this docket, *Hardwick* was noticed as a potentially related action.  Plaintiff in *Hardwick* asserts claims against various manufacturers of per- or polyfluoroalkyl substances (PFAS, an umbrella term that includes PFOS and PFOA) on behalf of a putative nationwide class of all individuals with a detectable level of PFAS in their blood.  Plaintiff primarily seeks as relief the creation of an independent panel of scientists to study and evaluate health effects or illnesses, if any, caused by PFAS exposure.  The *Hardwick* complaint contains few mentions of AFFFs.

When we centralized this docket, we denied a motion by 3M to extend the scope of the MDL to encompass not just cases involving AFFFs, but all cases relating to 3M's manufacture, management, disposal, and sale of PFAS.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig. (In re AFFF)*, 357 F. Supp. 3d 1391, 1396 (J.P.M.L. 2018).  Plaintiff in *Hardwick* sought inclusion in the proposed "PFAS MDL," while defendants opposed including *Hardwick* in the MDL.[2]  At oral argument on the centralization motions, counsel for defendant Daikin America, Inc., described *Hardwick* thusly:

> *Hardwick* doesn't involve groundwater, it doesn't involve AFFF; *Hardwick* is simply a question about the curiosity of an individual plaintiff who says, There is some part of this chemical in my blood, and I'd like to know if I may be at risk.  And I'd want a class action, a nonopt-out (b)(2) class action on behalf of all Americans to

---

[1] Moving defendants include:  Arkema, Inc.; Arkema France, S.A.; Daikin Industries, Ltd.; Daikin America, Inc.; E.I. du Pont de Nemours and Company; The Chemours Company, LLC; Solvay Specialty Polymers USA, LLC; and 3M Company.

[2] The parties have now reversed positions with respect to including *Hardwick* in the MDL.

-2-

determine not whether I am injured or whether they are injured, but, rather, how the determination of general causation should be made. He wants to have a scientific panel appointed to determine which diseases are caused by exposure to these chemicals, and then to have that binding in any litigation thereafter.

Oral Arg. Tr. at 53:22–54:7, *In re AFFF*, MDL No. 2873 (J.P.M.L. Nov. 29, 2018), ECF No. 244. After the Panel centralized MDL No. 2873, the Panel Clerk determined that *Hardwick* was not appropriate for inclusion in the MDL. *See* Notice to Counsel, *In re AFFF*, MDL No. 2873 (J.P.M.L. Dec. 10, 2018), ECF No. 241.

In support of their motion to transfer, defendants now offer a different characterization of *Hardwick*—as an individual action for medical monitoring by a single firefighter allegedly exposed to PFAS contained in AFFF products. Defendants point to two paragraphs of the complaint that actually reference AFFFs: one describes plaintiff's background as a firefighter and his potential exposure to AFFFs; the other discusses the various means by which defendants promoted PFAS use. *See* Am. Compl. ¶¶ 4 & 61, *Hardwick v. 3M Co.*, C.A. No. 2:18-01185 (S.D. Ohio Apr. 16, 2019), ECF No. 96. Defendants also contend that the *Hardwick* court's recent decision denying their motions to dismiss makes clear that plaintiff seeks only "traditional medical monitoring," thus rendering his case no different than other medical monitoring cases in the MDL. Defendants argue that discovery concerning AFFF contamination sites and issues will be necessary in *Hardwick* and, therefore, that transfer to MDL No. 2873 is appropriate.

We do not find this new characterization of *Hardwick* persuasive. The focus of *Hardwick* is entirely on PFAS, with only two tangential references to AFFFs. There are no claims directed to AFFF products or AFFF manufacturers (at least, not with respect to their manufacture of AFFF products). Moreover, the claims in *Hardwick* explicitly apply to all forms of PFAS,[3] whereas only two of these (PFOA and PFOS) are alleged to have been used in AFFF products. Plaintiff also seeks relief—in the form of a "PFAS science panel"—that is not sought by plaintiffs in the MDL. In short,

---

[3] The forms of PFAS identified in the *Hardwick* complaint include:

perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals, including but not limited to those that degrade to PFOA and/or PFOS, and including but not limited to C3-C-15 PFAS chemicals, such as perfluorohexanesulfonate (PFHxS), perfluorononanoate (PFNA), perfluorobutanesulfonate (PFBS), perfluorohexanoate (PFHxA), perfluoroheptanoate (PFHpA), perfluoroundecanoate (PFUnA), perfluorododecanoate (PFDoA), HFPA Dimer Acid (CAS #13252-13-6/C3 Dimer Acid/P-08-508/FRD903/GX903/C3DA/GenX), and HFPA Dimer Acid Ammonium Salt (CAS# 62037-80-3/ammonium salt of C3 Dimer Acid/P-08-509/FRD902/GX902/GenX) . . . .

*Hardwick* Am. Compl. ¶ 1.

-3-

*Hardwick* is not an AFFF action of the type encompassed by MDL No. 2873.

None of the proceedings in *Hardwick* to date undermine this conclusion. Although defendants characterize *Hardwick* as an "individual action," the *Hardwick* court has not yet considered whether plaintiff's proposed class can be certified. *See Hardwick v. 3M Co.*, C.A. No. 2:18-01185, 2019 WL 4757134, at *2 (S.D. Ohio Sept. 30, 2019) ("[T]he Court reviews only the plausibility of Mr. Hardwick's individual claims and makes no determination as to whether they are appropriate for class certification."). Nor did the court hold that plaintiff's claims are limited to "traditional" forms of medical monitoring, but rather that medical monitoring encompasses the unique relief that plaintiff seeks. *See id.* at *11 ("The Court notes, however, that requesting oversight of further scientific study in some fashion in an Ohio tort claim with medical monitoring as the remedy is not exceptional. Indeed, it is not new to this Court.").

Furthermore, our past practice in this docket weighs *against* transferring *Hardwick* to MDL No. 2873. We have transferred several actions in which plaintiffs allege multiple sources of PFOS and PFOA contamination, including from the use of AFFFs. *See, e.g.*, Transfer Order at 2, *In re AFFF*, MDL No. 2873 (J.P.M.L. July 31, 2019), ECF No. 483. We have not, though, transferred to the MDL actions that do not contain *any* allegations or claims relating to AFFF use. Indeed, we recently denied transfer of an action, *Middlesex*, in which the claims were "directed at 3M and its manufacture, marketing, and sales of PFOS and PFOA, not its manufacture of AFFF products." *See* Order Denying Transfer at 1, *In re AFFF*, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. In that order, we expressed our concern that broadening the scope of MDL No. 2873 beyond AFFFs could render the litigation unwieldy:

> [W]e have no desire to unnecessarily complicate the transferee judge's task in efficiently managing this litigation, which already involves a wide range of claims and parties. Given our continued concern about the manageability of this litigation, *a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL.*

*Id.* at 2 (emphasis added).

Like *Middlesex*, the *Hardwick* complaint does not on its face raise AFFF claims, and defendants have not carried their "significant burden" to persuade us that transfer of this non-AFFF action is appropriate. To the contrary, transferring *Hardwick* would introduce the additional "site-specific issues, different modes of PFAS contamination, and different PFAS chemicals" that concerned the Panel when we declined to include non-AFFF actions in the MDL. *See In re AFFF*, 357 F. Supp. 3d at 1396.

Defendants' prediction that discovery in *Hardwick* will substantially overlap with discovery conducted in the MDL is speculative. The *Hardwick* court only recently denied defendants' motions to dismiss the complaint, and no discovery has taken place. When defendant Daikin America, Inc.,

-4-

opposed including *Hardwick* in the MDL during briefing on the initial motions to centralize this litigation, counsel suggested that any discovery relating to AFFFs would be minimal. *See* Daikin Opp. at 4, MDL No. 2873 (J.P.M.L. Nov. 21, 2019), ECF No. 228 ("[I]f the case were to proceed beyond initial motion practice, novel questions of class certification for a non-opt-out class of virtually all Americans would be the center of remaining litigation. These questions have absolutely nothing to do with the pretrial questions and practice of the AFFF cases."). Defendants' current suggestions otherwise are not convincing. To the extent there is any potential for duplicative discovery, such overlaps—given the stark differences between *Hardwick* and the actions in the MDL—are best minimized through coordination between the parties and the involved courts. And, should *Hardwick* evolve into an AFFF case, the parties or the court at that time can re-notice *Hardwick* as a potential tag-along in MDL No. 2873.

IT IS THEREFORE ORDERED that the motion to transfer the action listed on Schedule A to MDL No. 2873 is denied.

PANEL ON MULTIDISTRICT LITIGATION


_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

**SCHEDULE A**

<u>Southern District of Ohio</u>

HARDWICK v. 3M COMPANY, ET AL., C.A. No. 2:18−01185