UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                               MDL No. 2873


ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendants E.I. du Pont de Nemours and Company and The Chemours Company, LLC (collectively, DuPont) move under 28 U.S.C. § 1407(c) to transfer the eight Eastern District of New York actions listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. Plaintiffs in those actions oppose the motion.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig. (In re AFFF)*, 357 F. Supp. 3d 1391, 1396 (J.P.M.L. 2018). The complaints in the eight New York actions on the motion to transfer contain no mention of AFFFs. Instead, plaintiffs—all of which are water authorities—assert claims against DuPont, 3M Company, and Dyneon LLC[1] for the alleged contamination of plaintiffs' drinking water supplies with PFOS and/or PFOA.

In support of its motion to transfer, DuPont argues that, regardless of how plaintiffs' claims are constructed, the New York actions are AFFF actions. Specifically, DuPont argues that plaintiffs' claims arise out of the alleged discharge of PFOA and/or PFOS into the recharge area[2] for Long Island's aquifer system. This aquifer system is already the subject of an action in the MDL, which alleges that AFFF use contributed to the contamination of the aquifer. *See Suffolk County Water Authority v. 3M Company*, C.A. No. 2:18-03337 (D.S.C.). DuPont contends that plaintiffs' claims are nearly identical with those in *Suffolk County*, except that plaintiffs in the New York actions omit any mention of AFFFs. DuPont also points to various news and other reports of aviation and commercial accidents on Long Island in which AFFFs may have been used to extinguish fires.

DuPont's arguments are not persuasive. The New York actions do not raise AFFF claims. Indeed, they contain no mention of AFFFs. Instead, these complaints focus on DuPont's and 3M's

---

[*] Judges Karen K. Caldwell and David C. Norton took no part in the decision of this matter.

[1] Dyneon LLC purportedly is a subsidiary of 3M Company.

[2] The "recharge area" is the area through which water enters and replenishes the aquifer.

manufacture, marketing, and sale of PFOA and PFOS. Some of this PFOA or PFOS may have been incorporated into AFFF products that contributed to the contamination of plaintiffs' groundwater supplies, but at this point the extent of AFFF involvement in these actions is speculative.[3]

Additionally, our past practice in this docket weighs against transferring these New York actions to MDL No. 2873. We have transferred several actions in which plaintiffs allege multiple sources of PFOS and PFOA contamination, including from the use of AFFFs. *See, e.g.*, Transfer Order at 2, *In re AFFF*, MDL No. 2873 (J.P.M.L. July 31, 2019), ECF No. 483. We have not, though, transferred to the MDL actions that do not contain *any* allegations or claims relating to AFFF use. Indeed, we recently denied transfer of an action, *Middlesex Water Company*, in which the claims were "directed at 3M and its manufacture, marketing, and sales of PFOS and PFOA, not its manufacture of AFFF products." *See* Order Denying Transfer at 1, *In re AFFF*, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. In that order, we expressed our concern that broadening the scope of MDL No. 2873 beyond AFFFs could render the litigation unwieldy:

> [W]e have no desire to unnecessarily complicate the transferee judge's task in efficiently managing this litigation, which already involves a wide range of claims and parties. Given our continued concern about the manageability of this litigation, *a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL.*

*Id.* at 2 (emphasis added).

Like *Middlesex Water Company*, the New York complaints do not on their face raise AFFF claims, and defendants have not carried their "significant burden" to persuade us that transfer of these non-AFFF actions is appropriate. Defendants' prediction that discovery in these actions relating to AFFFs will substantially overlap with discovery conducted in the MDL is conjecture. DuPont has not yet responded to plaintiffs' complaints. To the extent there is any potential for duplicative discovery, such overlap is best minimized through coordination between the parties and the involved courts. And, should these New York actions evolve into AFFF cases, the parties or the court at that time can re-notice them as potential tag-alongs in MDL No. 2873.

---

[3] Similarly, DuPont's contention that PFOA or PFOS contamination of some portion of the Long Island aquifer system due to use of AFFFs necessarily means that any contamination of groundwater on Long Island stems from AFFF use remains uncertain at this point in the litigation.

-3-

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on Schedule A to MDL No. 2873 is denied.

                               PANEL ON MULTIDISTRICT LITIGATION

                               _____
                                     Ellen Segal Huvelle
                                        Acting Chair

R. David Proctor           Catherine D. Perry
Nathaniel M. Gorton      Matthew F. Kennelly

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION            MDL No. 2873

## SCHEDULE A

Eastern District of New York

WATER AUTHORITY OF WESTERN NASSAU COUNTY v. THE 3M COMPANY,
    ET AL., C.A. No. 2:19−04608
PORT WASHINGTON WATER DISTRICT v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:19−04609
INCORPORATED VILLAGE OF MINEOLA v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:19−04610
CARLE PLACE WATER DISTRICT v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:19−04611
INCORPORATED VILLAGE OF GARDEN CITY v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:19−04612
ROSLYN WATER DISTRICT v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04613
WATER AUTHORITY OF GREAT NECK NORTH v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:19−06613
GARDEN CITY PARK FIRE AND WATER DISTRICT v. THE 3M COMPANY,
    ET AL., C.A. No. 2:19−06615