## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WEIRTON AREA WATER BOARD and CITY OF WEIRTON,**

**CIVIL ACTION NO. 5:20-cv-102**

The Hon. John Preston Bailey

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE AND TOLLING AGREEMENT**

Plaintiffs,

v.

**3M COMPANY, E. I. DUPONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, ARKEMA, INC., BASF CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC. CLARIANT CORPORATION, DAIKIN AMERICA, INC., DEEPWATER CHEMICALS, INC., TYCO FIRE PRODUCTS L.P., ARCELORMITTAL WEIRTON LLC, and NEO INDUSTRIES (WEIRTON), INC.,**

Defendants.

By and through their undersigned counsel, Plaintiffs Weirton Area Water Board and City of Weirton ("Plaintiffs") and Defendant Daikin America, Inc. ("Daikin") hereby enter into this Stipulation of Dismissal Without Prejudice and Tolling Agreement (the "Agreement"), pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### RECITALS

WHEREAS, the above captioned case entitled *Weirton Area Water Board et al v. 3M Company et al.*, Case No. 20-cv-102 (N.D. W. Va.) ("the Weirton Case"), making certain claims

against Daikin in connection with the alleged contamination of Plaintiffs' water supply system, has been identified as a tag-along action in the *In Re: Aqueous Film-Forming Foams Product Liability Litigation*, in the United States District Court for the District of South Carolina, MDL No. 2:18-mn-2873-RMG (the "MDL"),

WHEREAS, on January 28, 2021, Daikin filed a Notice of Opposition to the Conditional Transfer Order (CTO-44) of the Weirton Case to the MDL ("Notice of Opposition"); and

WHEREAS, the Parties have reached an agreement, the terms of which are set forth herein, whereby Daikin agrees to withdraw its opposition to the transfer of this matter to the MDL and Plaintiffs agree to dismiss Daikin from the Weirton Case without prejudice, subject expressly to the terms of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

## TERMS

1. **Effective Date**. This Stipulation and Tolling Agreement shall be effective as of the date entered by the Court.

2. **Agreement**. Plaintiffs hereby voluntarily dismiss Daikin from the Weirton Case without prejudice, as of the Effective Date.

3. **Period of Tolling**. In exchange for such dismissal, Daikin agrees that any and all limitations of action time periods, statute of limitations, and/or statutes of repose for the claims advanced in the Weirton Case are tolled, suspended, and stayed as of the Effective Date of this Agreement through and until this Agreement is terminated by any Party subject to Paragraph 5 of this Agreement (the "Tolling Period"). This Agreement, however, does not revive any claims that have already expired.

5.      **Right to Terminate; Reinstate**.  Either party may terminate this Agreement at any time upon sixty (60) days' notice. Should Plaintiffs terminate this Agreement, they may choose to have their Weirton Case claims reinstated, in which case the Parties agree that such action shall be filed as a stipulated amendment to the Weirton Case to re-name Daikin as a party in the MDL and shall be assigned to the Honorable Richard M. Gergel, or to such other court if the individual action has been transferred back to an individual district court. Any request for reinstatement will not require a new filing fee.  Should the Weirton Case claims against Daikin be reinstated, the Parties agree that Daikin's Motion to Dismiss on grounds of lack of personal jurisdiction, filed on January 28, 2021 ("Motion"), will also be reinstated with the briefing schedule to be decided by the MDL Court.

6.      **Relation Back; Waivers/Defenses**.  If the claims against Daikin are re-filed during the Tolling Period, they shall be deemed by the terms of this Agreement to relate back to the date the suit that first initiated the Weirton Case was originally filed in the West Virginia state court. Nothing in this Agreement shall be deemed a waiver of any arguments or defenses existing as of the Effective Date of this Agreement, including but not limited to Daikin's objection to personal jurisdiction, as well as any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose. The Parties hereto agree that any depositions taken and written discovery and documents exchanged prior to this dismissal may be used by the parties in the MDL and any reinstated action. Any discovery that may be taken in the MDL against Daikin by a party other than Plaintiffs during the Tolling Period may be used in any reinstated case as if that case was pending at the time of the discovery. If necessary, upon reinstatement of any action, Plaintiffs' counsel and counsel for Daikin shall meet and confer with each other and with other parties' counsel and attempt to agree upon an appropriate scheduling order for the re-

inclusion of Daikin, including any time needed for discovery or motion practice.

7. **Waiver/Acceptance of Service**. Should Plaintiffs reinstate suit against Daikin, the Parties agree that the undersigned counsel for Daikin shall waive and accept service on behalf of Daikin.

8. **Substantive Court Decisions**. If Plaintiffs reinstate their claims against Daikin, Daikin will not relitigate with Plaintiffs, except on appeal, any legal issues that have been raised and resolved with respect to all defendants in any of the other actions in the above MDL, to the extent that Daikin was a party in such other actions.

9. **Withdrawal of Daikin's Opposition to MDL Transfer**. Immediately upon the execution of this Agreement by the Parties, Daikin shall formally notify the MDL court that it is withdrawing its Notice of Opposition. Daikin shall not make any further objections to the transfer of this action to the MDL.

10. **Modifications; Extensions**. This Stipulation and Tolling Agreement constitutes the entire agreement between the Parties on the issues addressed herein and may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties to this agreement. This agreement may be extended by further written agreement signed by or on behalf of the Parties.

11. **Authority**. Each undersigned Party entering into and executing this Stipulation and Tolling Agreement represents, warrants, and states that such Party has the full authority and legal power to do so and that the individuals whose signatures appear below on behalf of each Party are duly authorized to execute this agreement on behalf of their respective Parties.

12. **Multiple Counterparts**. This agreement may be executed in counterparts and/or by facsimile or PDF electronic mail, and each such counterpart shall be considered an original and together with the others shall constitute one and the same instrument.

13. **Governing Law**. This agreement shall be construed and governed in accordance with the laws of the State of West Virginia.

14. **Notices**. Notices pursuant to this Agreement shall be given in writing both via electronic mail and regular mail to the attorneys for the parties, as indicated below.

15. **Severability**. Should any provision of this Stipulation and Tolling Agreement be declared invalid by a court of competent jurisdiction, such declaration shall not invalidate the remaining provisions of this agreement, which shall be construed as nearly as possible to effectuate the original intentions of the Parties hereto based upon the entire agreement, including the invalid provision.

**IN WITNESS WHEREOF**, the undersigned have duly executed and delivered this Stipulation and Tolling Agreement.

Dated: February 16, 2021.

Respectfully Submitted,

**WEIRTON AREA WATER BOARD and THE CITY OF WEIRTON, Plaintiffs**

By:     ___/s/   Clayton J. Fitzsimmons_____
Clayton J. Fitzsimmons (WV Bar # 10823)
Mark A. Colantonio (WV Bar #4238)
FITZSIMMONS LAW FIRM PLLC
1609 Warwood Avenue
Wheeling, WV 26003
Tel.: (304) 277-1700
Fax: (304) 277-1705
Email: clayton@fitzsimmonsfirm.com
           mark@fitzsimmonsfirm.com

By:     ___/s/   Paul J. Napoli_____
Paul J. Napoli (*admitted pro hac vice*)
NAPOLI SHKOLNIK
70 Munoz Rivera Avenue, Suite 201

Hato Rey, Puerto Rico 00918
Tel.: (212) 397-1000
Email: pnapoli@nsprlaw.com

**DAIKIN AMERICA, INC.**

By: /s/ Erik W. Legg
    Erik W. Legg (WV Bar #7738)
    FARRELL, WHITE & LEGG PLLC
    914 Fifth Avenue
    P.O. Box 6457
    Huntington, WV 25772
    Tel.: (304) 522-9100
    Email: ewl@farrell3.com

By: /s/ Ted Grossman
    Theodore M. Grossman
    Rebekah E. Blake
    JONES DAY
    250 Vesey Street
    New York, New York 10281
    Tel. (212) 326-3939
    Email: tgrossman@jonesday.com
        reblake@jonesday.com

All of which is, accordingly, ORDERED this 16th day of February, 2021.

Hon. John Preston Bailey
District Court Judge