UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                        MDL No. 2873


### REMAND ORDER


**Before the Panel**:*  Defendants in the *Town of East Hampton* action listed on Schedule A move under Panel Rule 10.2 to vacate our order that conditionally remanded *Town of East Hampton* to the Eastern District of New York.  Plaintiff opposes the motion.

After considering the argument of counsel, the Panel finds that remand of this action under 28 U.S.C. § 1407 is warranted.  In considering the question of remand, the Panel consistently gives great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the litigation's pretrial proceedings.  *See, e.g.*, *In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008).  The transferee judge's suggestion of remand indicates that "he perceives his role under Section 1407 to have ended."  *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).  Here, the transferee judge explained why Section 1407 remand of *Town of East Hampton* is appropriate, noting that "(1) the Town's case only involves local entities and will not benefit from adjudication of common MDL issues and (2) there is no risk of inconsistent rulings or duplicative discovery if remand occurs." Suggestion of Remand at 6, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, C.A. No. 2:18-mn-02873 (D.S.C. June 24, 2025), ECF No. 7416.  His determination that remand of *Town of East Hampton* is now appropriate was "based upon the totality of circumstances involved in th[e] docket."  *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001).

Defendants argue that they are named in a separate action brought by the same plaintiff in the MDL.  *See Town of East Hampton v. 3M Co.*, C.A. No. 2:19-01639 (D.S.C.).  That action seeks recovery for alleged aqueous film-forming foam (AFFF) contamination at the same properties as the present action.  Plaintiffs thus argue that remand will result in duplicative litigation. Defendants further allege that the transferee court's initial suggestion of remand failed to address their arguments against remand.

---

\* Judge David C. Norton did not participate in the decision of this matter.

Since briefing on this motion closed, however, the transferee court has denied defendants' motion for reconsideration of the order suggesting remand. *See* Order Denying Recons., *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, C.A. No. 2:18-mn-02873 (D.S.C. Oct. 14, 2025), ECF No. 8208. In their motion for reconsideration, defendants advanced the same arguments against remand as they do here. *See* Mem. in Supp. of Recons., *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, C.A. No. 2:18-mn-02873 (D.S.C. July 3, 2025), ECF No. 7473-1. The transferee court, in its order denying reconsideration, makes clear that it "fully considered Defendants' arguments in its prior order and rejected them." Order Denying Recons. at 3. The transferee court is in the best position to determine whether continued litigation of *Town of East Hampton* within this MDL remains appropriate. We see no reason to accord anything other than great weight to the transferee court's conclusion.

IT IS THEREFORE ORDERED that this action is remanded to the Eastern District of New York.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
Roger T. Benitez  Dale A. Kimball
Madeline Cox Arleo

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2873 |

## SCHEDULE A

<u>District of South Carolina</u>

TOWN OF EAST HAMPTON v. INCORPORATED VILLAGE OF EAST HAMPTON, C.A. No. 2:20−01665 (E.D. New York, C.A. No. 2:20-01787)