**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                              MDL No. 2873

**ORDER DENYING TRANSFER**

**Before the Panel**:*  We are presented here with several motions, which can be placed in one of two groups.  First, Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the District of New Jersey *Blymer* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873.  Plaintiffs oppose transfer.  Next, 3M moves under 28 U.S.C. § 1407(c) to transfer four "turnout gear" actions (three pending in the Eastern District of Virginia and one in the Eastern District of Missouri, as listed on Schedule A) to MDL No. 2873.  Eight co-defendants in these actions join 3M's transfer motions.[1]  Plaintiffs oppose transfer of their respective actions.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).  Plaintiffs in *Blymer* allege that they were injured by PFAS releases from Solvay Specialty Polymer's Thorofare Facility (a/k/a the West Deptford or Leonard Lane Facility), a chemical plant that did not manufacture AFFFs.  Because the plaintiffs do not allege injury due to AFFF manufacture, use, or disposal, 3M "bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL."  Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541.

---

* Judges David C. Norton and Madeline Cox Arleo did not participate in the decision of this matter.

[1] These defendants include Globe Manufacturing Company, LLC; Honeywell Safety Products USA, Inc.; Innotex Corp.; Fire-Dex, LLC; Allstar Fire Equipment; Leo M. Ellebracht Company; Veridian Limited; and W.L. Gore & Associates, Inc.

- 2 -

After considering the parties' arguments, we find that transfer of *Blymer* under 28 U.S.C. § 1407 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. 3M argues that transfer is appropriate because *Blymer* involves the same water supply that is at issue in two cases pending in the MDL: *Jervis v. 3M Co.*, C.A. No. 2:24-00224 (D.S.C.), and *Garrett v. 3M Co.*, C.A. No. 2:23-05995 (D.S.C.). The District of New Jersey, however, is overseeing a consolidated litigation relating to alleged injuries caused by PFAS discharged from Solvay's Thorofare Facility (as well as DuPont's Chambers Works plant). We have held that transfer of actions that are being litigated as part of this consolidated litigation is not appropriate—even where there is potential overlap with claims being litigated in the MDL. *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Apr. 3, 2025), ECF No. 3419; *In re AFFF*, MDL No. 2873, 2024 WL 4531134, at *1 (J.P.M.L. Oct. 4, 2024).

3M points out that *Blymer* has not yet been consolidated with the other Thorofare actions in New Jersey, but such consolidation seems likely.[2] The consolidated litigation has reached the expert discovery phase with respect to the first-filed actions, with discovery focusing on, *inter alia*, the Thorofare Facility and its alleged discharges of PFAS. That discovery likely will be relevant to the claims in *Blymer*, and many of the pretrial rulings in the consolidated litigation may be applicable to *Blymer*. Thus, there appears to be ample scope to achieve efficiencies through the consolidated proceeding underway in the District of New Jersey. *See also* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Apr. 5, 2022), ECF No. 1352 ("We generally have excluded actions involving non-AFFF discharges of PFAS from specific industrial locations.").

Turning to 3M's motions to transfer the four turnout gear actions to the MDL, plaintiffs in these actions allege that they or their decedents were injured by exposure to PFAS contained in personal protective equipment and turnout gear for firefighters. We previously have held that transfer is warranted for actions by firefighters who allege "direct exposure" to AFFF through the course of their firefighting duties. *See In re AFFF*, MDL No. 2873, 2021 WL 755083, at *1–2 (J.P.M.L. Feb. 4, 2021). None of these plaintiffs, however, alleges exposure to AFFF, but only to PFAS contained in turnout gear. We have held that such "turnout gear-only" actions are not appropriate for inclusion in the MDL. *See In re AFFF*, 765 F. Supp. 3d 1379, 1380–81 (J.P.M.L. 2024). Indeed, earlier this year we denied transfer of the *Jenkins-Griffin* action (listed on Schedule A) on this basis. *See* Order Denying Transfer at 3, MDL No. 2873 (J.P.M.L. Feb. 12, 2025), ECF No. 3260. 3M asks the Panel to reconsider these decisions based on a case management order issued by the transferee court earlier this year. *See* Case Mgmt. Order No. 36, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873 (D.S.C. Aug. 22, 2025), ECF No. 7891.

We are cognizant of the immense difficulties the transferee judge has faced in organizing this litigation and efficiently moving it forward, and we gave careful consideration to his suggestion in CMO 36 that expanding this MDL to include all cases in which plaintiffs disclaim exposure to AFFF, including turnout gear-only actions, will enhance the efficiency of the litigation. Ultimately, however, we remain unconvinced that such expansion is prudent or necessary at this time.

---

[2] *Blymer* is stayed pending our decision on transfer. It does not appear that the district court has yet had the opportunity to consider whether consolidation or coordination of *Blymer* is appropriate.

- 3 -

When we created this MDL, our intent was that it should be limited to actions asserting claims for harm caused by AFFF manufacture, use, or disposal. *See In re AFFF*, 357 F. Supp. 3d at 1396. As we stated in our first order declining to expand this MDL to include turnout gear-only claims, "this remains an *AFFF* MDL, not a PFAS MDL." *In re AFFF*, 765 F. Supp. 3d at 1381. As at the outset of this litigation, we remain concerned about the manageability of this litigation if it expands to include PFAS claims generally. *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. Such a litigation "would include far more site-specific issues, different modes of PFAS contamination, and different PFAS chemicals" and "could quickly become unwieldy." *Id.* (quoting *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1396). For this reason, we have insisted on a few hard lines regarding the scope of the MDL, chief of which is that a party seeking transfer of an action that does not on its face raise AFFF claims "bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL." *Id.* at 2. Expanding this MDL to include turnout gear-only claims is, in our view, a step too far towards an MDL unmoored from AFFF claims, and we decline to reconsider our prior decisions restricting this MDL to cases that include allegations of injury caused by the manufacture, use, or disposal of AFFF products.[3]

Accordingly, after considering the parties' arguments, we find that transfer of these four turnout gear actions under 28 U.S.C. § 1407 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Plaintiffs in these actions allege only that they were exposed to PFAS contained in turnout gear, not AFFF. To the extent 3M argues that the *Jenkins-Griffin* complaint contains passing references to "Class B foam," we reject this argument for the same reasons stated in our order that initially declined to transfer *Jenkins-Griffin*. *See* Order Denying Transfer at 3, MDL No. 2873 (J.P.M.L. Feb. 12, 2025), ECF No. 3260 (noting that plaintiff never attributes causation for decedent's injuries to AFFF and has moved to amend her complaint to remove any reference to foam).

---

[3] In CMO 36, the transferee court states that the record in the MDL demonstrates that plaintiffs, at the pleading stage, cannot easily isolate personal injuries caused by AFFF from those allegedly caused by non-AFFF sources of PFAS. *See* CMO 36 at 1. We do not doubt the transferee court's observation, but it provides us no clear avenue to limit this MDL to AFFF claims. To the contrary, were we to ignore the allegations in plaintiffs' complaints when considering transfer, this MDL would quickly transform into a general PFAS litigation.

- 4 -

IT IS THEREFORE ORDERED that the motions to transfer the actions listed on Schedule A to MDL No. 2873 are denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton            Matthew F. Kennelly
Roger T. Benitez               Dale A. Kimball

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                              MDL No. 2873

## SCHEDULE A

Eastern District of Missouri

CRADY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 4:25−01394

District of New Jersey

BLYMER, ET AL. v. SOLVAY SPECIALTY POLYMERS USA, LLC, ET AL.,
    C.A. No. 1:25−13774

Eastern District of Virginia

JENKINS−GRIFFIN v. 3M COMPANY, ET AL., C.A. No. 2:24−00600
CHIAVEROTTI, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:25−00232
CLARKE v. 3M COMPANY, ET AL., C.A. No. 3:25−00738