**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **May 28, 2026**

LOCATION OF HEARING SESSION:    United States Courthouse and Federal Building
                                                      517 East Wisconsin Avenue
                                                      Ceremonial Courtroom, Room 390
                                                      Milwaukee, WI 53202

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel requesting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **May 4, 2026.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

Josh R. Bullock
Acting Clerk of the Panel

cc: Clerk, United States District for the Eastern District of Wisconsin

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**HEARING SESSION ORDER**


The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 28, 2026, the Panel will convene a hearing session in Milwaukee, Wisconsin to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.


PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

David C. Norton        Madeline Cox Arleo
Dale A. Kimball        M. Casey Rodgers
Matthew F. Kennelly

SCHEDULE OF MATTERS FOR HEARING SESSION
May 28, 2026 −− Milwaukee, Wisconsin

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3180 −  **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION**

   Motion of plaintiffs Wanda Nalls, John I. Mun, and Giovanni Fraioli to transfer the following actions to the United States District Court for the Northern District of Georgia:

   Middle District of Alabama

 WRIGHT−JENKINS v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 2:26−00087

   Central District of California

 BUNDY v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No.
    5:26−00569

   Eastern District of California

 BELL, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 2:26−00320

   Southern District of California

 MUN v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 3:26−00127

   Middle District of Florida

 DURKIN v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 2:26−00231

Southern District of Florida

FRAIOLI v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No.
  1:26−20636

Northern District of Georgia

NALLS v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:25−07342
STREET, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 1:26−00493
LONG, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A.
  No. 1:26−00635
SEALS v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:26−00813

Northern District of Illinois

WALSH v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:25−15265

District of New Jersey

PHILLIPS v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A. No. 2:25−18162

District of Nevada

LUCHSINGER, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET
  AL., C.A. No. 2:26−00338

Eastern District of Pennsylvania

BOGGS, ET AL. v. REGENERON PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 2:26−00763

Middle District of Tennessee

RICHARDSON v. REGENERON PHARMACEUTICALS, INC., ET AL., C.A.
  No. 3:25−01125

MDL No. 3181 − **IN RE: ABBOTT LABORATORIES AND BOSTON SCIENTIFIC CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Diona Smith, Ollie Wilson, Linda Guthrie, Brian Martini, Ronat Kelly, William Fuller, William Ferguson, Zella Tuttle, Sherri Miyagi, Judith Reuss, Kenneth Davis, and Rick Morris to transfer the following actions to the United States District Court for the Northern District of Illinois:

<u>Central District of California</u>

GRAINGER. v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:25−06515
SMITH v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:25−08821
WEISMAN v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:25−08919
WILSON v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:25−09958
GUTHRIE v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:25−11508
MARTINI v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:26−00825
KELLY v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 2:26−00832

<u>Northern District of Illinois</u>

FULLER v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:25−12714
FERGUSON v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:25−13341
TUTTLE v. ABBOTT LABORATORIES, C.A. No. 1:25−15083
MIYAGI v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 1:26−01902
REUSS v. ABBOTT LABORATORIES, ET AL., C.A. No. 1:26−01905

<u>Northern District of Mississippi</u>

DAVIS v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 1:26−00014

<u>Southern District of Mississippi</u>

MORRIS v. BOSTON SCIENTIFIC CORPORATION, ET AL., C.A. No. 1:25−00364

MDL No. 3182 −   **IN RE: DISH WIRELESS L.L.C. COMMUNICATION TOWERS CONTRACT LITIGATION**

Motion of defendant Dish Wireless L.L.C. to transfer the following actions to the United States District Court for the District of Colorado:

Central District of California

ROYAL GROUP PLAZA, LLC v. DISH WIRELESS L.L.C., C.A. No. 2:26−01092
SEIDNER PROPERTIES, LP v. DISH WIRELESS L.L.C., C.A. No. 8:26−00082

District of Colorado

AMERICAN TOWERS LLC., ET AL. v. DISH WIRELESS L.L.C., C.A. No. 1:25−03311
AIRCOMM OF AVON, L.L.C., ET AL. v. DISH WIRELESS L.L.C., C.A. No. 1:25−03756

Eastern District of New York

DATAVERGE LLC v. DISH WIRELESS L.L.C., C.A. No. 1:26−01168

Southern District of New York

SABRE INDUSTRIES, INC. v. DISH WIRELESS LEASING L.L.C., C.A. No. 1:26−00209

Western District of New York

SBA TELECOMMUNICATIONS, LLC, ET AL. v. DISH WIRELESS L.L.C., C.A. No. 1:26−00218

MDL No. 3183 −   **IN RE: THE UNIVERSITY OF PHOENIX, INC., DATA BREACH LITIGATION**

Motion of plaintiffs Mari Soliz, et al., and Stephanie Hill, et al., to transfer the following actions to the United States District Court for the District of Arizona:

District of Arizona

SOLIZ, ET AL. v. UNIVERSITY OF PHOENIX INCORPORATED, C.A. No. 2:25−04522
HILL, ET AL. v. UNIVERSITY OF PHOENIX INCORPORATED, C.A. No. 2:25−04936

Central District of California

CARTER v. THE UNIVERSITY OF PHOENIX, INC., C.A. No. 5:26−00401

- 4 -

Western District of Texas

PETERSON v. THE UNIVERSITY OF PHOENIX, INC., ET AL., C.A. No. 1:25−01915
BRUMWELL, ET AL. v. ORACLE CORPORATION, ET AL., C.A. No. 1:25−01980
CURLEE v. ORACLE CORPORATION, ET AL., C.A. No. 1:25−01999
LONG, ET AL. v. ORACLE CORPORATION, ET AL., C.A. No. 1:25−02072
POINTER v. THE UNIVERSITY OF PHOENIX, INC., ET AL., C.A. No. 1:26−00009
CLARK v. THE UNIVERSITY OF PHOENIX, INC., ET AL., C.A. No. 1:26−00184
THEUS v. UNIVERSITY OF PHOENIX, INC., C.A. No. 1:26−00796

MDL No. 3185 − **IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION**

    Motion of plaintiffs Gayle Burge, et al., to transfer the following actions to the United States District Court for the District of New Jersey:

Eastern District of California

TAYLOR v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL., C.A. No. 2:26−00086

Northern District of California

HAHN v. OPEN DOOR COMMUNITY HEALTH CENTERS, ET AL., C.A. No. 1:26−02267

Eastern District of Missouri

NIESSING v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL., C.A. No. 4:25−01861
WHEELER v. TRIZETTO PROVIDER SOLUTIONS LLC, ET AL., C.A. No. 4:25−01888
CORBRAY, ET AL. v. TRIZETTO PROVIDER SOLUTIONS LLC, ET AL., C.A. No. 4:26−00013
LIMBOS VADLA v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, ET AL., C.A. No. 4:26−00070
CLEVELAND, ET AL. v. TRIZETTO PROVIDER SOLUTIONS LLC, ET AL., C.A. No. 4:26−00264
STONE, ET AL. v. TRIZETTO PROVIDER SOLUTIONS LLC, C.A. No. 4:26−00308
SPANGLER v. TRIZETTO PROVIDER SOLUTIONS LLC, ET AL., C.A. No. 4:26−00322

District of New Jersey

BURGE, ET AL. v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,
    ET AL., C.A. No. 2:25−18908
LYTLE, ET AL. v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL.,
    C.A. No. 2:25−18938
NOBLE v. TRIZETTO PROVIDER SOLUTIONS LLC, ET AL., C.A. No. 2:25−18967
TRIMBLE, ET AL. v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,
    ET AL., C.A. No. 2:25−18969
SCORPIO v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, ET AL.,
    C.A. No. 2:25−19027
CALDWELL v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,
    ET AL., C.A. No. 2:25−19056
SCHUSTER v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION,
    ET AL., C.A. No. 2:26−00395
WOLF v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL., C.A. No. 2:26−02344
WHITESIDE v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL., C.A
    No. 2:26−02373
LEE v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, ET AL.,
    C.A. No. 2:26−02444
PATTERSON v. COGNIZANT TECHNOLOGY SOLUTIONS CORP., ET AL.,
    C.A. No. 2:26−02570
MADOFF v. COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, ET AL.,
    C.A. No. 2:26−02634
SAWYER v. TRIZETTO PROVIDER SOLUTIONS, LLC, ET AL., C.A. No. 2:26−02698

MDL No. 3186 − **IN RE: DISRUPTOR TRIGGER MECHANISM PATENT LITIGATION**

Motion of defendants Canuck Tactical LLC, Adam Gerleman, Hawkphin Sales, LLC, Cloak Industries, Inc., William C. King, Jr., Nicholas Norton, Peak Tactical LLC, AR-TT LLC, Jodi Clausen, Jonathan Clausen, Clausen Inc, Brandon Donatto, Firearm Systems LLC, Michael Stakes, Ronald Kennedy, SGC LLC, Terence D Schmidt, Thomas Kirgin, Jr, WebCorp, Inc., and Peak Tactical LLC to transfer the following actions to the United States District Court for the District of Wyoming:

District of Arizona

RARE BREED TRIGGERS INCORPORATED, ET AL. v. FIREARM SYSTEMS
    LLC, ET AL., C.A. No. 2:25−04938
ABC IP LLC, ET AL. v. SGC LLC, ET AL., C.A. No. 2:26−00085

Southern District of Iowa

ABC IP, LLC, ET AL. v. HAWKPHIN SALES, LLC, ET AL., C.A. No. 4:26−00015

- 6 -

District of Idaho

ABC IP, LLC, ET AL. v. CLOAK INDUSTRIES, INC., ET AL., C.A.
  No. 1:26−00001

Northern District of Illinois

ABC, IP, LLC, ET AL. v. OPTICS PLANET, INC. D/B/A
  OPTICSPLANET, C.A. No. 1:26−01072

Eastern District of Louisiana

ABC IP, LLC, ET AL. v. CANUCK TACTICAL LLC, C.A. No. 2:26−00576

Eastern District of Missouri

ABC IP, LLC, ET AL. v. WEBCORP, INC., ET AL., C.A. No. 4:26−00018

Eastern District of Texas

ABC IP LLC, ET AL. v. TRG VENTURES, LLC D/B/A MISSION RIDGE
  RANGE AND ACADEMY, A LIMITED LIABILITY COMPANY, ET AL., C.A. No.
  2:26−00201

Eastern District of Washington

ABC IP LLC, ET AL. v. AR−TT LLC, ET AL., C.A. No. 2:26−00014

District of Wyoming

ABC IP LLC, ET AL. v. PEAK TACTICAL LLC, ET AL., C.A. No. 2:26−00018

MDL No. 3187 −  **IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK)
                 FERTILIZER ANTITRUST LITIGATION**

   Motion of plaintiff IIHAB Partnership to transfer the following actions to the United States District
Court for the Western District of Missouri:

District of Colorado

UNION LINE FARMS, INC. v. THE MOSAIC COMPANY, ET AL., C.A.
  No. 1:26−01043

Northern District of Illinois

STEVENS, ET AL. v. NUTRIEN AG SOLUTIONS, ET AL., C.A. No. 1:26−02585
RUMBOLD v. NUTRIEN AG SOLUTIONS, ET AL., C.A. No. 1:26−03051

District of Kansas

MATSON v. KOCH FERTILIZER, LLC, ET AL., C.A. No. 2:26−02146

Western District of Missouri

IIHAB PARTNERSHIP v. NUTRIEN LTD, ET AL., C.A. No. 4:26−00221

MDL No. 3188 −  **IN RE: GOLIATH VENTURES BANKING LITIGATION**

Motion of Plaintiffs Robby Steele and Eric Logwood to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

STEELE v. JP MORGAN CHASE BANK, N.A., C.A. No. 4:26−02067

Southern District of Florida

ROSHWALD, ET AL. v. JPMORGAN CHASE BANK, N.A., ET AL., C.A. No. 1:26−21776

District of Nevada

LOGWOOD v. BANK OF AMERICA, N.A., C.A. No. 2:26−00820

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT


MDL No. 2816 −  **IN RE: SORIN 3T HEATER−COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II)**

   Oppositions of plaintiff Sarah Bickle and defendant Ben Swanson to transfer of the following actions to the United States District Court for the Middle District of Pennsylvania:

   District of Kansas

   BICKLE v. SWANSON, ET AL., C.A. No. 2:26−02052
   BICKLE v. SWANSON, ET AL., C.A. No. 2:26−02054

MDL No. 2873 −  **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

   Oppositions of plaintiffs City of Dayton, Ohio, Corinth Gas & Water, and Kyle Ransom to transfer of their respective following actions to the United States District Court for the District of South Carolina and Motion of defendant 3M Company to transfer the *State of Maryland* action to the United States District Court for the District of South Carolina:

   Northern District of Georgia

   RANSOM v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:25−04557

   District of Maryland

   STATE OF MARYLAND v. 3M COMPANY, ET AL., C.A. No. 1:23−01836

   Northern District of Mississippi

   CORINTH GAS & WATER v. 3M COMPANY, ET AL., C.A. No. 1:26−00025

   Southern District of Ohio

   CITY OF DAYTON, OHIO v. UNITED STATES OF AMERICA, C.A. No. 3:26−00056

MDL No. 2905 − **IN RE: ZF−TRW AIRBAG CONTROL UNITS PRODUCTS LIABILITY LITIGATION**

Opposition of defendant STMicroelectronics, Inc. to transfer of the following action to the United States District Court for the Central District of California:

District of Delaware

RENTERIA, ET AL. v. STMICROELECTRONICS, INC., C.A. No. 1:26−00087

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Mother Doe to transfer of the *Doe* action to the United States District Court for the Northern District of California and motion of defendants Bytedance, Inc., TikTok LLC, and TikTok, Inc. to transfer the *Seitz* action to the United States District Court for the Northern District of California:

District of Colorado

DOE, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:26−00576

Eastern District of Kentucky

SEITZ v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−00166

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs Path MD, Inc., et al., and Benefit Source, Inc., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

Central District of California

PATH MD, INC., ET AL. v. OPTUM INC., C.A. No. 2:26−01105

District of South Carolina

BENEFIT SOURCE INC. v. OPTUM INC., C.A. No. 6:26−00327

- 10 -

MDL No. 3166 −  **IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION**

Motion of plaintiff Jaimee Seitz to transfer certain claims in the following action to the United States District Court for the Northern District of California:

Eastern District of Kentucky

SEITZ v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−00166

MDL No. 3176 −  **IN RE: RARE BREED TRIGGERS PATENT LITIGATION**

Oppositions of defendants Canuck Tactical LLC, Adam Gerleman, Hawkphin Sales, LLC, Cloak Industries, Inc., William C. King, Jr., Nicholas Norton, Peak Tactical LLC, AR-TT LLC, Jodi Clausen, Jonathan Clausen, Clausen Inc, Brandon Donatto, Firearm Systems LLC, Michael Stakes, Ronald Kennedy, SGC LLC, Terence D Schmidt, Thomas Kirgin, Jr, WebCorp, Inc., Peak Tactical LLC, and OpticsPlanet, Inc. to transfer of the following actions to the United States District Court for the Eastern District of Texas:

District of Arizona

RARE BREED TRIGGERS INCORPORATED, ET AL. v. FIREARM SYSTEMS
    LLC, ET AL., C.A. No. 2:25−04938
ABC IP LLC, ET AL. v. SGC LLC, ET AL., C.A. No. 2:26−00085

Southern District of Iowa

ABC IP, LLC, ET AL. v. HAWKPHIN SALES, LLC, ET AL., C.A. No. 4:26−00015

District of Idaho

ABC IP, LLC, ET AL. v. CLOAK INDUSTRIES, INC., ET AL., C.A.
    No. 1:26−00001

Northern District of Illinois

ABC, IP, LLC, ET AL. v. OPTICS PLANET, INC. D/B/A
    OPTICSPLANET, C.A. No. 1:26−01072

Eastern District of Louisiana

ABC IP, LLC, ET AL. v. CANUCK TACTICAL LLC, C.A. No. 2:26−00576

- 11 -

Eastern District of Missouri

ABC IP, LLC, ET AL. v. WEBCORP, INC., ET AL., C.A. No. 4:26−00018

Eastern District of Washington

ABC IP LLC, ET AL. v. AR−TT LLC, ET AL., C.A. No. 2:26−00014

District of Wyoming

ABC IP LLC, ET AL. v. PEAK TACTICAL LLC, ET AL., C.A. No. 2:26−00018

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

<u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.