**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873<br>This Document Relates To:<br><br>*Loachapoka Water Authority, Inc. v. 3M Co.*,<br>No. 3:26-cv-00376 (M.D. Ala.) |

**OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE STAY OF
CONDITIONAL TRANSFER ORDER 308**

Defendant 3M Company hereby opposes Plaintiff's Motion to Reinstate Stay of Conditional Transfer Order 308 (ECF No. 4362). In support of its opposition, 3M states as follows:

1. On May 18, 2026, the Panel issued CTO-308, conditionally transferring this and other actions to the *In re: Aqueous Film Forming Foams Products Liability Litigation* ("AFFF MDL") pending in the United States District Court for the District of South Carolina. ECF No. 4315.

2. No opposition to CTO 308 was filed with respect to the *Loachapoka* action in the time permitted under JPML Rules and the face of CTO 308 itself. As such, the clerk of the JPML finalized CTO 308 as to *Loachapoka* on May 27, 2026. ECF No. 4358.

3. CTO-308 was filed with the clerk of the transferee district court earlier this afternoon, prior to the filing of Plaintiff's motion. *See* Exhibit A.

4. An MDL transfer order is effective when the order of transfer is "filed in the office of the clerk of the district court of the transferee district." 28 U.S.C. § 1407(c). *Accord* JPML Rule 2.1(d) ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.").

5.      As such, CTO-308 has been finalized, transfer of the *Loachapoka* action to the AFFF MDL has been effectuated, and this action is now pending before Judge Richard M. Gergel in the United States District Court for the District of South Carolina. The Panel is therefore without authority under 28 U.S.C. § 1407 to stay transfer at this stage of proceedings.

6.      Moreover, Plaintiff's arguments with respect to its pending motion to remand are immaterial to the transfer of this action, as the Panel has repeatedly noted that the pendency of a motion to remand presents no obstacle to removal, and the transferee court is fully capable of resolving such motions. *See, e.g.,* Transfer Order at 2, ECF No. 4225 ("Pending remand motions generally do not present an impediment to transfer."); Transfer Order at 2, ECF No. 483 ("Plaintiff in *Ridgewood Water* argues that federal subject matter jurisdiction over its action is lacking and that its pending motion for remand to state court should be decided by the transferor court. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer. Plaintiff can present its remand arguments to the transferee judge.") (citations omitted).

7.      For these reasons, Defendant 3M Company respectfully requests that Plaintiff's Motion to Reinstate Stay of Conditional Transfer Order 308 be denied.

Dated: May 27, 2026                             Respectfully submitted,

                                                */s/ Daniel L. Ring*
                                                Daniel L. Ring
                                                JENNER & BLOCK LLP
                                                353 N. Clark Street
                                                Chicago, Illinois 60654
                                                Tel: (312) 923-2625
                                                Fax: (312) 527-0484
                                                dring@jenner.com

                                                *Counsel for Defendant 3M Company*

2