**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873<br>This Document Relates To:<br><br>*Loachapoka Water Authority, Inc. v. 3M Co.*,<br>No. 3:26-cv-00376 (M.D. Ala.) |

**MOTION TO RECONSIDER ORDER REINSTATING STAY OF
<u>CONDITIONAL TRANSFER ORDER 308</u>**

Defendant 3M Company hereby moves for reconsideration of the Panel's Order Reinstating Stay of Conditional Transfer Order 308 (ECF No. 4373).  In support of its motion, 3M states as follows:

1.      On May 18, 2026, the Panel issued CTO-308, conditionally transferring this and other actions to the *In re: Aqueous Film Forming Foams Products Liability Litigation* MDL ("AFFF MDL") pending in the United States District Court for the District of South Carolina. ECF No. 4315.

2.      On May 27, 2026, the clerk of the JPML finalized CTO-308 as to *Loachapoka* because no timely opposition to transfer of that action had been filed. ECF No. 4358.

3.      CTO-308 was promptly filed with the clerk of the transferee district court. *See* ECF No. 9533, *In re: Aqueous Film Forming Foams Products Liability Litigation*, Case No. 18-mn-2873-RMG (D.S.C.).

4.      After CTO-308 was filed with the United States District Court for the District of South Carolina, Plaintiff moved the Panel to reinstate the stay of CTO-308 with respect to this case. On the same day, 3M opposed Plaintiff's motion.

5. On May 29, 2026, the Panel granted Plaintiff's motion over 3M's objection and reinstated "the conditional transfer order in order to permit the plaintiffs to pursue their opposition to transfer." ECF No. 4373.

6. With due respect to the Panel, the decision to grant Plaintiff's motion has created jurisdictional issues that should be rectified by vacating the order reinstating CTO-308 and allowing Judge Gergel to address any further proceedings in this action, including regarding whether transfer of this action to the AFFF MDL is appropriate upon a properly briefed motion seeking remand.

7. Pursuant to the governing statute, an MDL transfer order is effective when the order of transfer is "filed in the office of the clerk of the district court of the transferee district." 28 U.S.C. § 1407(c). *Accord* JPML Rule 2.1(d) ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.").

8. Moreover, "when the transfer becomes effective, 'the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006) (quoting Manual For Complex Litigation § 20.131 at 220); *see also* Multidistrict Litigation Manual, § 9.1 (explaining that upon transfer of the litigation "the divestment of [the transferor court's] jurisdiction is complete").

9. Accordingly, because CTO-308 has already been transmitted to (and docketed by) the transferee court, under Section 1407(c), transfer to the AFFF MDL is effective, this case is now subject to the exclusive jurisdiction of Judge Gergel in the United States District Court for the District of South Carolina, which would mean that the United States District Court for the Middle District of Alabama is without authority to enter any further orders in this action. Indeed, consistent with this well-established precedent, the Middle District of Alabama promptly

transferred the action and closed the case. *See* Docket Entry of May 27, 2026, *Loachapoka Water Authority, Inc. v. 3M Co.*, No. 13:26-cv-00376 (M.D. Ala.) ("Case transferred to District of South Carolina. Electronically transferred via CM/ECF to Clerk.").

10. Unfortunately, as a result of the Panel's order reinstating CTO-308, the parties and courts implicated may not fully appreciate (or may not agree) that Judge Gergel has exclusive jurisdiction over this action. Specifically, despite the case having been transferred to the MDL Court, Plaintiff has already requested that the Middle District of Alabama reopen its case in that court. *See id.* at ECF No. 27. To the extent that Plaintiff seeks further action in this case by the Middle District of Alabama (such as a ruling on its pending motion to remand) in reliance on the Panel's order reinstating CTO-308, any such action would be void for lack of jurisdiction.

11. To avoid these jurisdictional issues, the Panel should reconsider its order, vacate its decision to reinstate CTO-308, and thereby clarify that any further proceedings in this action, including with respect to the propriety of its inclusion in the MDL, are properly before Judge Gergel.

12. For these reasons, Defendant 3M Company respectfully requests that the Panel reconsider and vacate its Order Reinstating Stay of Conditional Transfer Order 308.

Dated: May 29, 2026

Respectfully submitted,

*/s/ Daniel L. Ring*
Daniel L. Ring
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 923-2625
Fax: (312) 527-0484
dring@jenner.com

*Counsel for Defendant 3M Company*