**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| **IN RE: Aqueous Film Forming Foams (AFFF) Products Liability Litigation** | **MDL No. 2873**<br><br>**Relating to the Matter of:**<br><br>*Loachapoka Water Authority, Inc. et al. v. 3M Company et al.*, No. 3:26-CV-00376 (M.D. Ala.) |

**PLAINTIFFS' REASONS WHY ORAL ARGUMENT SHOULD BE HEARD ON
PLAINTIFFS' MOTION TO VACATE CTO-308**

COME NOW, Plaintiffs in the above-styled matter pursuant to Rule 11.1(b) of the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") and request that the Panel permit the presentation of oral argument on Plaintiffs' Motion to Vacate Conditional Transfer Order 308 ("CTO-308"). (*See* Doc. 4470.) As grounds for this request, Plaintiffs set forth the following Reasons Why Oral Argument Should be Heard on Plaintiffs' Motion to Vacate CTO-308:

Whether transfer of this action is appropriate involves a question that this Panel has yet to address for this MDL: **is transfer of a plaintiff water utility's case appropriate when (1) the plaintiff utility's case only involves claims related to groundwater contamination—which undisputedly does not include AFFF, and (2) the only basis for transfer is alleged AFFF contamination in water purchased from a second, non-party utility—which the plaintiff utility is undisputedly not asserting claims for?**

Plaintiffs' Motion to Vacate CTO-308 and 3M's Response in Opposition illustrate that this action involves a novel theory of transfer that this Panel has yet to decide. While 3M takes the position that this case is "materially identical" to this Panel's decisions in *Savannah*, *Opelika*, and *Fresno*, each of those cases involved personal injury plaintiffs who alleged that the subject water utilities were sources of AFFF contamination—and *none* of those cases involved the critical

question highlighted above. (Doc. 4511, pp. 3-5.) Of course, 3M has not identified any personal injury plaintiffs who have alleged that they were exposed to PFAS through AFFF from Loachapoka's drinking water, yet somehow 3M seems to imply that its "water purchaser" theory is well-settled.

While Plaintiffs will file a Reply Brief showing this Panel that 3M's transfer theory is unsupported,[1] transfer of this case presents the exact type of issue that has ***not*** been "authoritatively decided" and for which oral argument is appropriate. *See* Panel Rule 11.1(c)(i). While the undersigned counsel contends that transfer should not be granted for each of the six (6) cases which the undersigned counsel's law office has filed oppositions to transfer,[2] this case is the sole case for which the undersigned counsel's law office seeks oral argument due to this novel theory of transfer from 3M with precedential stakes for a plethora of new future tag-along actions. 3M's inapposite attempts to convince this Panel that this theory is "materially identical" to past Panel precedent only illustrates that oral argument would materially aid the Panel's decision process.

Respectfully submitted,

*/s/ Lee Patterson*
Lee Patterson
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Tel: (205) 278-7000
Fax: (205) 278-7001
lpatterson@friedman-lawyers.com
*Counsel for Plaintiffs*

---

[1] Indeed, 3M fails to meaningfully address (1) Plaintiffs' explicit waiver of any damages that it could have arising from PFAS contamination of Opelika's water, (*see* Doc. 4363-5, p. 14.), or (2) the entire section of Plaintiffs' Complaint which addresses the PFAS contamination for which Plaintiffs seek damages and mentions only Plaintiffs' groundwater source (the Reynolds Well). (*See* Doc. 4303-3, ¶¶ 112-25.)

[2] *See* Doc. 4465 (*Alabaster Water Board v. 3M Company, et al.*, No. 2:26-00804; *Water Works Board of the City of Leeds, Alabama v. 3M Company, et al.*, No. 2:26-00805; *The Water Works Board of the City of Jackson, Inc. v. 3M Company, et al.*, No. 1:26-00145; *Grand Bay Water Works Board, Inc. v. 3M Company, Inc., et al.*, No. 1:26-00173; *The City of Griffin, Georgia v. 3M Company, et al.*, No. 1:26-02748).