**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                                   MDL No. 2873

**ORDER DENYING TRANSFER**

**Before the Panel**:[*]  We are presented here with two motions.  First, Defendant EIDP, Inc., moves under 28 U.S.C. § 1407(c) to transfer the District of New Jersey *Veolia Water New Jersey* and Southern District of New York *Suez Water New York* actions[1] listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873.  Plaintiffs Veolia Water New Jersey and Veolia Water New York (f/k/a Suez Water New York) oppose transfer.

Second, Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer two actions pending in the Northern District of Georgia and listed on Schedule A (the *City of Dalton* and *Coosa River* actions) to MDL No. 2873.  Plaintiffs in these actions oppose transfer.

MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).   The Veolia Water plaintiffs are water providers who assert claims against one or more DuPont entities.[2]  Plaintiffs allege that DuPont's sale of PFAS products to various industrial concerns has caused PFAS contamination of their water supplies.  Plaintiff in the New Jersey action also identifies a DuPont industrial site in New Jersey (the Chambers Works) where DuPont allegedly used PFAS in the manufacture of various non-AFFF products.  Plaintiffs in the two Georgia actions allege PFAS contamination stemming from

---

[*] Judges Karen K. Caldwell and David C. Norton did not participate in the decision of this matter.

[1] EIDP also moves to transfer the Eastern District of New York *Plainview Water District* action.  That action will be transferred to the MDL through a separate order.  EIDP states that co-defendants DuPont de Nemours, Inc., Corteva, Inc., and The Chemours Company consent to transfer.

[2] EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company; DuPont de Nemours, Inc.; DuPont Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; and Corteva, Inc.

- 2 -

various carpet manufacturing industries in Dalton, Georgia.  Plaintiff in the *City of Dalton* action (Dalton Utilities) seeks to recover for contamination to its wastewater treatment system, while plaintiffs in the *Coosa River* action allege that PFAS in water from Dalton Utilities' wastewater treatment system has contaminated the Conasauga River and the Upper Coosa River Basin. Because none of these plaintiffs allege injury due to AFFF manufacture, use, or disposal, 3M "bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL."  Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541.

After considering the parties' arguments, we find that transfer of the four actions listed on Schedule A under 28 U.S.C. § 1407 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  Turning first to EIDP's motion to transfer the Veolia Water actions, EIDP argues that transfer is appropriate because the Veolia Water actions overlap with actions pending in the MDL in which plaintiffs allege that at least some of Veolia Water's water systems have been contaminated by PFAS stemming from AFFF use or disposal.[3] Generally, when a party identifies one or more actions in the MDL in which a plaintiff alleges injury from PFAS in the same water supply that stemmed from AFFF manufacture, use, or disposal, transfer is justified.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2026 WL 914965, at *1 (J.P.M.L. Apr. 2, 2026).  Even where such overlap exists, however, the procedural posture of an action can weigh against transfer.  *See, e.g.*, Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4062 ("We have held that transfer of actions that are being litigated as part of this consolidated litigation [in D. New Jersey involving, *inter alia*, the Chambers Works] is not appropriate—even where there is potential overlap with claims being litigated in the MDL.").

Here, the two Veolia Water actions have been pending for roughly six years, dismissal motions have been ruled upon, and fact discovery is scheduled to close later this year.  The two actions are being coordinated with one another and share the same pretrial schedule.  While EIDP argues that the remaining pretrial proceedings in these actions would benefit from centralization, we are wary of transferring actions that have been pending for so long and are already being litigated in a coordinated fashion.  We also note that the New Jersey action involves allegations relating to the Chambers Works, a non-AFFF industrial site that is the subject of separate consolidated litigation in the District of New Jersey.  It seems likely that there will be overlapping discovery with that consolidated litigation, which we have declined to transfer to the MDL.  *See id.*  Accordingly, we will not transfer the Veolia Water actions absent a stronger showing that centralization is necessary to avoid duplicative discovery and pretrial proceedings.

---

[3] EIDP identifies 39 personal injury cases in the MDL that purportedly implicate one or more of Veolia Water New Jersey's water systems and seven such actions with respect to Veolia Water New York's systems.  Plaintiffs contest this overlap, but we have consistently declined to "engage in a merits review of the complaints" when considering whether overlap exists between an action in the MDL and a potential tag-along action.  *See* Transfer Order at 3, MDL No. 2873 (J.P.M.L. June 2, 2025), ECF No. 3536 (declining invitation to give allegations by personal injury plaintiffs in MDL less weight than allegations by municipalities or water providers).

- 3 -

Turning to 3M's motion to transfer the two Georgia actions, 3M argues that these actions overlap with at least ten MDL personal injury actions in which plaintiffs allege that the City of Dalton's water system is a source of exposure to PFAS stemming from AFFF use or disposal. However, we have previously declined to transfer actions pertaining to the carpet manufacturing industry in Dalton, even where there is some connection to AFFF use:

> *Johnson* seems more akin to the non-AFFF actions the Panel has excluded from the MDL than more typical AFFF actions. Plaintiff's complaint is overwhelmingly focused on the carpet industry in Dalton, Georgia, and that municipality's wastewater disposal methods. We generally have excluded actions involving non-AFFF discharges of PFAS from specific industrial locations.

Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Apr. 5, 2022), ECF No. 1352. This analysis applies equally to *City of Dalton* and *Coosa River*, both of which are focused on the carpet industry in Dalton and Dalton Utilities' wastewater treatment system. *Cf.* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4062 (declining transfer of actions relating to non-AFFF industrial plants in New Jersey despite overlap with personal injury actions in the MDL).

Moreover, related litigation in the Northern District of Georgia has been ongoing since 2020. The two actions before us are assigned to the same two judges overseeing the other Dalton actions, and there is ample scope for coordination of discovery and other pretrial proceedings in the Northern District of Georgia. In these circumstances, transfer to the MDL is not the most convenient or efficient means of litigating these actions.

IT IS THEREFORE ORDERED that the motions to transfer with respect to the actions listed on Schedule A to MDL No. 2873 are denied.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

Dale A. Kimball                    Madeline Cox Arleo
M. Casey Rodgers                   Richard Seeborg

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

### SCHEDULE A

<u>Northern District of Georgia</u>

THE CITY OF DALTON, GEORGIA v. 3M COMPANY, ET AL.,
    C.A. No. 4:24−00293
COOSA RIVER BASIN INITIATIVE, ET AL. v. 3M COMPANY, ET AL.,
    C.A. No. 4:25−00075

<u>District of New Jersey</u>

VEOLIA WATER NEW JERSEY, INC. v. E.I. DUPONT DE NEMOURS AND
    COMPANY, ET AL., C.A. No. 2:20−19906

<u>Southern District of New York</u>

SUEZ WATER NEW YORK INC. v. E.I. DUPONT DE NEMOURS AND COMPANY,
    ET AL., C.A. No. 1:20−10731