# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2873

### ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel**:\* Plaintiffs in the *Loachapoka Water Authority* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Loachapoka Water Authority* to the District of South Carolina for inclusion in MDL No. 2873. Defendant 3M Company opposes the motion.

After considering the parties' arguments, we find that transfer under 28 U.S.C. § 1407 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). Plaintiffs in *Loachapoka Water Authority* are public water providers who allege that their local groundwater well (the Reynolds Well) was contaminated by PFAS from various industrial sources.

When we centralized this docket, we denied a motion by 3M to extend the scope of the MDL to encompass not just cases involving AFFFs, but all cases relating to 3M's manufacture, management, disposal, and sale of PFAS. *See id.* at 1396. We drew this line between "AFFF" and "non-AFFF" cases because of our concerns for the manageability of this litigation, and we have endeavored to maintain the distinction between AFFF and non-AFFF actions. "Given our continued concern about the manageability of this litigation, a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL." Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. On its face, *Loachapoka Water Authority* does not allege injury due to AFFF manufacture, use, or disposal.

In support of transfer, 3M argues that the City of Opelika is one of the main sources of drinking water in the Loachapoka water system and there are at least two actions in the MDL (including an action brought by the City of Opelika) that involve allegations that AFFF is the

_____

\* Judges Karen K. Caldwell and David C. Norton did not participate in the decision of this matter.

- 2 -

source of at least some of the PFAS contamination of Opelika's water supply. *See* Transfer Order at 2–3, MDL No. 2873 (J.P.M.L. June 2, 2025), ECF No. 3536 (transferring *City of Savannah* based on an overlapping claim in the MDL that the City's water supply was contaminated by AFFF).

Plaintiffs in *Loachapoka Water Authority*, however, are not asserting claims for contamination of the City of Opelika's water supply. Plaintiffs persuasively argue that their sole theory of recovery relates to the Reynolds Well, which exceeds the Maximum Contaminant Levels (MCLs) set by the U.S. Environmental Protection Agency, and therefore the water received from Opelika, as well as the drinking water ultimately provided to its customers, is irrelevant. In response, 3M argues that the complaint seeks recovery for contamination of plaintiffs' entire water distribution system, but the complaint clearly identifies the Reynolds Well as the contaminated portion of the system. *See Loachapoka* Compl. ¶¶ 112–15. 3M points to our decision transferring the *City of Fresno* action, but that plaintiff's complaint was much broader in scope than plaintiff's claims here. *Cf. In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2026 WL 914965, at *3 (J.P.M.L. Apr. 2, 2026) (noting that the *Fresno* complaint was not limited to specific wells and sought recovery for contamination "in or around the City"). Notably, 3M does not identify any actions in the MDL asserting claims for AFFF contamination of Loachapoka's water. Accordingly, transfer of this action is not appropriate.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-308" is vacated as to the action listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

Dale A. Kimball                    Madeline Cox Arleo
M. Casey Rodgers                   Richard Seeborg

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2873

## SCHEDULE A

Middle District of Alabama

LOACHAPOKA WATER AUTHORITY, INC., ET AL. v. 3M COMPANY, ET AL.,
    C.A. No. 3:26−00376